UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00714-ACL |
| ) | |
| CORIZON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to proceed in forma pauperis.[1] Having reviewed plaintiff's extensive prior filings in federal court, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion and dismiss his complaint without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. On September 3, 2020, he began filing civil actions in this Court, each time seeking leave to proceed in forma pauperis. Plaintiff's first case was a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It was dismissed on December 14, 2020 due to plaintiff's failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-

---

[1] Plaintiff has not filed a separate motion for leave to proceed in forma pauperis. Instead, in the body of his complaint, he states: "Application to proceed in District Court without prepaying fees or cost[s][,] and for MECC to pay full filing fees for any [and] all lawsuits against them[.] MECC, MODOC, Corizon all are [legitimate.] I only get $8.50 [a] month and I owe money so [I] get $5.00 dollar[s] [a] month." The Court has construed this portion of the complaint as a motion for leave to commence this civil action without prepayment of the required filing fee.

DDN (E.D. Mo. Dec. 14, 2020). Subsequently, plaintiff began filing prisoner civil rights complaints under 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, stating that he intended each set of pleadings to be docketed as an individual civil action.

In many of his complaints, plaintiff sued numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon, et al.*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); and *Engel v. CO1, et al.*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name).

Plaintiff often sought forms of relief that were unrelated to his claims, requesting stocks, properties, outfitted luxury vehicles, and college scholarships from both parties and non-parties. *See, e.g., Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus, et al.*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). He also sought relief on behalf of individuals other than himself. *See, e.g., Engel v. CO1, et al.*, No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"). Plaintiff repeatedly referred to – and appeared to partially base his entitlement to relief upon – his status as a "sovereign citizen." *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

Because plaintiff was proceeding in forma pauperis, his cases were reviewed under 28 U.S.C. § 1915. Based on those reviews, plaintiff's cases were dismissed, either for one of the reasons articulated within § 1915(e)(2)(B),[2] or because plaintiff failed to comply with Court orders.

In *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed in forma pauperis, as well as potentially subject him to sanctions. Despite this warning, plaintiff continued the practice.

As of December 31, 2020, plaintiff had filed more than 130 civil actions. By December 21, 2020, he was subject to the "three-strikes" provision of 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed in forma pauperis without prejudice to him filing a fully-paid complaint. In addition to the numerous cases filed by plaintiff, the Court has received civil actions filed by prisoners other than plaintiff, but which were in plaintiff's handwriting, and contained allegations and prayers for relief similar to those plaintiff asserted in actions on his own behalf. *See, e.g., Herron v. ERDCC, et al.*, No. 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).

On June 9, 2021, plaintiff filed six new 42 U.S.C. § 1983 actions on his own behalf, including the instant case. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded the Court's prior warning to avoid engaging in abusive litigation practices.

---

[2] For example, in many of plaintiff's actions, the Court found that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). It was determined that many of his complaints were also subject to dismissal as malicious, based upon the nature of his pleadings and his abusive litigation practices. *See, e.g., Engel v. Prob. & Parole of Mo., et al.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing twenty-nine of plaintiff's cases in which the Missouri Department of Corrections was named as a defendant); and *Engel v. Corizon, et al.*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing plaintiff's litigation practices as part of an attempt to harass named defendants, and a not a legitimate attempt to vindicate a cognizable right).

## The Complaint

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983. The complaint consists of a single handwritten page, and is not on a Court-provided form. Plaintiff names Corizon, MODOC, and MECC as defendants.

With regard to his "Statement of Claim," plaintiff asserts that from April 1, 2021 to April 30, 2021, he has been sitting at MECC, apparently waiting for a surgery. (Docket No. 1 at 1). He states that the "[surgery] has been approved" but has not happened yet, and that he is "still very much in pain." According to plaintiff, "these people act like it[']s no big deal." He alleges this behavior is "inhuman" and amounts to cruel and unusual punishment.

As a result of this vague allegation, plaintiff claims he has suffered injuries to his civil rights and his civil liberties, as well as PTSD. He also states that his physical health has been damaged, and that he has been subjected to "mind raping." Plaintiff seeks $900 million plus 1,000,000 in stocks, bonds, and profit shares. He also demands that his full medical and dental expenses be paid for by Barnes Jewish, St. Mary's, and Missouri Baptist Hospital.

## Discussion

Plaintiff is a self-represented litigant who seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, while he has been incarcerated, plaintiff has filed at least three prior cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S.

199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In other words, "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may not file an additional suit in forma pauperis while his appeal of one such dismissal is pending." *Id.* at 1765. For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

### B. Plaintiff's Previous "Strikes"

All told, plaintiff has filed approximately 139 cases in the United States District Court for the Eastern District of Missouri. Most of these have been dismissed for frivolity, maliciousness, or for failure to state a claim. *See, e.g., Engel v. Governor of Missouri, et al.*, No. 1:20-cv-217-HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 18, 2020); and *Engel v. Missouri Courts, et al.*, No. 4:20-cv-1258-SPM (E.D. Mo. Dec. 21, 2020). These three strikes, and many more, occurred before the filing of the instant action.

5

Due to the numerous preservice dismissals plaintiff has accumulated, this Court has determined that he is subject to the three-strikes provision in 28 U.S.C. § 1915(g), and has denied him leave to proceed in forma pauperis. *See, e.g., Engel v. ERDCC, et al.*, No. 4:20-cv-1941-DDN (E.D. Mo. Jan. 27, 2021). Additionally, the United States Court of Appeals for the Eighth Circuit has also determined that plaintiff is a three-striker. *See Engel v. Corrections Officer 1, et al.*, No. 21-1555 (8th Cir. 2021) (stating that "[t]his court has previously determined that Appellant has three 'strikes' under 28 U.S.C. § 1915(g)"). Therefore, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

**C. Imminent Danger**

Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.* Furthermore, the prisoner must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin*, 319 F.3d at 1050.

Here, plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury. His complaint mentions that he is in pain, and that he has been approved for a

6

surgery, but contains no other factual allegations. That is, he does not explain what is causing his pain, he does not explain what his surgery is for, and he has not presented any facts demonstrating that his medical issues are being ignored. In short, he has not presented "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Martin*, 319 F.3d at 1050. Indeed, plaintiff devotes just as much space to enumerating the monetary relief he seeks as he does presenting his "Statement of Claim." Because plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

### D. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)

Even if plaintiff were allowed to proceed in forma pauperis, his complaint would still be subject to dismissal. With regard to MODOC and MECC, plaintiff's claims are treated as claims against the State of Missouri itself. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"); *Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Because the state is not a § 1983 "person," the claim must be dismissed. *See Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only").

Furthermore, plaintiff is barred from suing the State of Missouri by the Eleventh Amendment's sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)

(explaining that the Eleventh Amendment has been held to confer sovereign immunity on an unconsenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state). This applies to any type of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). There are two exceptions to sovereign immunity: (1) when Congress has statutorily abrogated such immunity; and (2) when the state itself waives immunity. *See Barnes v. State of Missouri*, 960 F.2d 63, 64-65 (8th Cir. 1992). Neither exception is present here. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe...that Congress intended by the general language of [42 U.S.C.] § 1983 to override the traditional sovereign immunity of the States"); and Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

As to Corizon, plaintiff is required to allege "that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent...official policy that inflicts injury actionable under § 1983"). Plaintiff has not done this. Indeed, aside from naming Corizon as a defendant in the caption, he does not mention them again.

For these reasons, even if plaintiff were allowed to proceed in forma pauperis, his complaint would be subject to dismissal.

### E. Abusive Litigation Advisory

Because plaintiff has accumulated far more than the three strikes allowed by 28 U.S.C. § 1915(g), his request for leave to proceed in forma pauperis will be denied without prejudice to the refiling of a fully-paid complaint. Additionally, the Court will instruct the Clerk of Court to request the agency having custody of plaintiff to begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and he is cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of July, 2021.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE